UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| WESAM MUHAREB,<br>    Plaintiff, | Case No. 1:22-cv-715<br>Cole, J.<br>Litkovitz, M.J. |
| vs. | |
| JOHN DOE, et al.,<br>    Defendants. | REPORT AND<br>RECOMMENDATION |

Defendants Nikole Hatton and Cedric Michael Streeter filed a pro se notice of removal of a state court civil action to the United States District Court. (Doc. 1). By separate Order, Ms. Hatton and Mr. Streeter were granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a sua sponte review of their notice of removal, which the Court construes as a petition for removal of a state court action to this federal court, to determine whether the Court has jurisdiction over this matter. *See* 28 U.S.C. § 1915(e)(2)(B); Fed. R. Civ. P. 12(h)(3).

On October 4, 2022, Wesam Muhareb initiated a state court eviction action in the Hamilton County, Ohio Court of Common Pleas against "John Doe and all other occupants" of 1063 Roxie Lane, Cincinnati, Ohio 45224. It appears that Ms. Hatton and Mr. Streeter are party-defendants in the action, with both residing at the subject premises. (Doc. 1-4 at PAGEID 34). On December 5, 2022, Ms. Hatton and Mr. Streeter filed a removal petition in this federal court. The removal petition states that Ms. Hatton and Mr. Streeter would like to remove a "wrongful eviction" action from state court, but the petition itself does not specifically allege a legal basis for removing the action. (Doc. 1-1 at PAGEID 7). In one of the state court documents attached to the removal petition, Ms. Hatton and Mr. Streeter allege that the

"complainant is committing securities fraud by way of unlawful conversion of Counter-Claimant's Survivorship Deed"; the "complainant is without a security interest in our real properly/homestead and has never acquired any such interest from us nor our predecessor"; and the "complainant has violated their due process rights by failing "proper service of process intentionally. . . ." (*Id*. at PAGEID 45).

This Court lacks subject matter jurisdiction over this removal action. Removal is governed by 28 U.S.C. § 1441 which provides in relevant part: "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Thus, "[o]nly state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The defendant carries the burden of showing that removal is proper and that the federal court has original jurisdiction to hear the case. *See Village of Oakwood v. State Bank and Trust Co.*, 539 F.3d 373, 377 (6th Cir. 2008); *Ahearn v. Charter Township of Bloomfield*, 100 F.3d 451, 453-54 (6th Cir. 1996). The removal statute is to be strictly construed and where jurisdiction is in doubt, the matter should be remanded to the state court. *See Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 534 (6th Cir. 1999).

The Court cannot discern a basis for federal question jurisdiction in this matter. District courts have original federal question jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In determining whether an action has been properly removed to federal court, the Court must examine the face of the state court plaintiff's well-pleaded complaint. Under the well-pleaded complaint rule, district courts have federal

question removal jurisdiction over "only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983). In other words, a case arises under federal law when an issue of federal law appears on the face of the plaintiff's well-pleaded complaint. *Caterpillar*, 482 U.S. at 392; *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). The plaintiff is the master of his complaint and may avoid federal jurisdiction by exclusive reliance on state law. *See Caterpillar*, 482 U.S. at 392. In addition, "it is now settled law that a case may *not* be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar*, 482 U.S. at 393 (emphasis in the original) (citing *Franchise Tax Board*, 463 U.S. at 12). *See also Beneficial National Bank v. Anderson*, 539 U.S. 1, 6 (2003); *Metropolitan Life*, 481 U.S. at 63; *Chase Manhattan Mortgage Corp.*, 507 F.3d at 915.

Ms. Hatton and Mr. Streeter have failed to establish this Court has original federal question jurisdiction over this case. The state court complaint does not show this case arises under the Constitution or laws of the United States. The complaint asserts solely state law claims. Ms. Hatton and Mr. Streeter appear to contend that Mr. Muhareb committed "securities fraud" and violated their due process rights under the United States Constitution in connection with the state court eviction proceeding. However, even if Ms. Hatton and Mr. Streeter assert a federal defense to the state court eviction action, the existence of a defense based upon federal law is insufficient to support removal jurisdiction. *Franchise Tax Board*, 463 U.S. at 8-12; *Chase Manhattan Mortgage Corp.*, 507 F.3d at 914-15. Therefore, Ms. Hatton and Mr. Streeter

have failed to meet their burden of showing federal question jurisdiction in this matter.

In addition, Ms. Hatton and Mr. Streeter may not remove the state court action based on the Court's diversity jurisdiction under 28 U.S.C. § 1332. Removal based on diversity of citizenship is proper only where the defendants are not citizens of the forum state. The removal statute provides that a civil action "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). Even if there is complete diversity among the parties, the presence of a properly joined and served resident defendant bars removal. *Chase Manhattan Mortgage Corp. v. Smith*, 507 F.3d 910, 914 (6th Cir. 2007); *Federal National Mortgage Association v. LeCrone*, 868 F.2d 190, 194 (6th Cir. 1989). Because Ms. Hatton and Mr. Streeter are Ohio citizens, removal on the basis of diversity jurisdiction is barred under § 1441(b). In any event, the amount sought as damages in the state court complaint is "not in excess of $15,000.00," which fails to meet the $75,000 amount in controversy requirement for diversity jurisdiction under § 1332.

Accordingly, the Court lacks subject matter jurisdiction over this case.

**IT IS THEREFORE RECOMMENDED:**

1. This matter should be **DISMISSED** from the docket of the Court for lack of subject matter jurisdiction.

2. This matter should be **REMANDED** to the state court. *See* 28 U.S.C. § 1447(c).

Date: 12/9/2022

Karen L. Litkovitz
United States Magistrate Judge

4

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| WESAM MUHAREB,<br>    Plaintiff, | Case No. 1:22-cv-715<br>Cole, J.<br>Litkovitz, M.J. |
| vs. | |
| JOHN DOE, et al.,<br>    Defendants. | |

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).