UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

**WESAM MUHAREB,**

      **Plaintiff,**

   v.

**JOHN DOE,** *et al.***,**

      **Defendants.**

**Case No. 1:22-cv-715**
**JUDGE DOUGLAS R. COLE**
**Magistrate Judge Litkovitz**

### ORDER

Defendants Nikole Hatton and Cedric Michael Streeter removed this civil case from the Hamilton County Municipal Court to this Court on December 5, 2022. The Magistrate Judge's December 9, 2022, Report and Recommendation ("R&R," Doc. 6) recommends that this Court sua sponte dismiss the case and remand it back to state court because this Court lacks subject matter jurisdiction. For the reasons below and given the lack of any objections to the R&R, the Court **ADOPTS** the R&R (Doc. 6) in full. The Court **DISMISSES** the case **WITHOUT PREJUDICE** and **REMANDS** the matter to the Hamilton County Municipal Court.[1]

Hatton and Streeter appear to be two defendants in a pending eviction case in Hamilton County. (Doc. 4, #57). They moved for leave to proceed in forma pauperis with their notice of removal on December 5, 2022. (Doc. 1). That Notice of Removal

---

[1] The R&R says that the underlying eviction action began in the Hamilton County Court of Common Pleas. (Doc. 6, #65). However, the Complaint (Doc. 4) appears to have been filed in the Hamilton County Municipal Court. The Court's remand, then, will be to the Hamilton County Municipal Court, where the case originated.

states simply that the pair would like to remove their "wrongful eviction" case from state court. (*Id.*).

The Magistrate Judge granted Streeter and Hatton's Motion (Doc. 2) and ordered their Notice of Removal (Doc. 3) filed on December 9. That same day, the Magistrate Judge issued the R&R. (Doc. 6). That R&R recommends that this Court dismiss the case because this Court lacks subject matter jurisdiction and remand it to state court. (*Id.* at #68).

The R&R also advised the parties that failure to object within fourteen days may result in forfeiture of rights, including the right to district court review. (*Id.* at #69). *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed."); *Berkshire v. Beauvais*, 928 F.3d 520, 530 (6th Cir. 2019) (noting "fail[ure] to file an objection to the magistrate judge's R&R ... is forfeiture"); 28 U.S.C. § 636(b)(1)(C).

Neither party objected. Still, the advisory committee notes to Federal Rule of Civil Procedure 72(b) suggest that the Court must "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Redmon v. Noel*, No. 1:21-cv-445, 2021 WL 4771259, at *1 (S.D. Ohio Oct. 13, 2021) (collecting cases). The Court has done so here and finds no clear error.

The Magistrate Judge noted that Streeter and Hatton have identified no basis by which the Court would have subject matter jurisdiction over this case. (Doc. 6, #68). The Court agrees. For one, they have not alleged facts indicating that federal

2

question jurisdiction is present, as nothing in the Complaint (Doc. 4) indicates that this case arises under the Constitution or laws of the United States, as required. *See* 28 U.S.C. § 1331. Nor have they alleged facts indicating that diversity jurisdiction is present. Both Hatton and Streeter are Ohio citizens, and removal for diversity of citizenship is not proper when any defendant is a citizen of the forum state. *See* 28 U.S.C. § 1332. Further, the damages sought in the state-court case are less than the $75,000 that diversity jurisdiction requires. *Id.* It is thus not error, let alone clear error, to conclude that the Court should dismiss and remand this case. *See* 28 U.S.C. § 1447 ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); Fed. R. Civ. P. 12(h)(3).

For this reason, the Court **ADOPTS** the R&R (Doc. 6). So the Court **DISMISSES** this case **WITHOUT PREJUDICE** and **REMANDS** the matter to the Hamilton County, Ohio, Municipal Court. The Court thus **DIRECTS** the Clerk to enter judgment and **TERMINATE** this matter on the Court's docket.

**SO ORDERED.**

February 6, 2023
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**